UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO:

| | |
|---|---|
| U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes<br><br>Plaintiff<br><br>vs.<br><br>HomeGold, Inc. successor by merger to HomeSense Financial Corp.<br>Lisa M. Tanguay and Daniel N. Tanguay<br><br>Defendants<br><br>Maine Revenue Services,<br>Beryle A. Martin,<br>Lisbon Fuel Company,<br><br>Parties-In-Interest | COMPLAINT<br><br>RE:<br>38 Jeffrey Street, Lewiston, ME 04240<br><br>Mortgage:<br>June 17, 2005<br>Book 6399, Page 9 |

NOW COMES the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, in which the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are the obligor and the total amount owed under the terms of the Note is Two Hundred Twelve Thousand Six Hundred Five and 89/100 ($212,605.89) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes is a corporation organized under the laws of the State of Utah, with its principal place of business located at c/o Select Portfolio Servicing, 3815 South West Temple, Salt Lake City, UT 84115.

5. The Defendant, HomeGold, Inc. successor by merger to HomeSense Financial Corp. is a corporation located at 33 Villa Road, Greenville, SC 29615.

6. The Defendant, Daniel N. Tanguay, is a resident of Lewiston, County of Androscoggin and State of Maine.

7. The Defendant, Lisa M. Tanguay, is a resident of Lewiston, County of Androscoggin and State of Maine.

8. The Party-in-Interest, Maine Revenue Services, is located at 51 Commerce Drive, Augusta, ME 04332.

9. The Party-in-Interest, Beryle A. Martin is located at 73 Bald Hill Road, New Gloucester, ME 04260.

10. The Party-in-Interest, Lisbon Fuel Company is located at 19 Capital Avenue, Lisbon Falls, ME 04252.

## FACTS

11. On September 5, 1996, by virtue of a Warranty Deed from Leona J. Landry, which is recorded in the Androscoggin County Registry of Deeds in **Book 3665, Page 336**, the property situated at 38 Jeffrey Street, County of Androscoggin, and State of Maine, was

conveyed to the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

12. On June 17, 2005, the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, executed and delivered to Home Funds Direct a certain Note in the amount of $137,750.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

13. To secure said Note, on June 17, 2005, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Home Funds Direct, securing the property located at 38 Jeffrey Street, Lewiston, ME 04240 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 6399, Page 9**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Bank of America, National Association, as Successor by Merger to LaSalle Bank National Association, as Indenture Trustee on Behalf of the Holders of the Accredited Mortgage Loan Trust 2005-3 Asset-Backed Notes by virtue of an Assignment of Mortgage dated December 14, 2010 and recorded in the Androscoggin County Registry of Deeds in **Book 8091, Page 127**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes by virtue of an Assignment of Mortgage dated June 23, 2011 and recorded in the Androscoggin County Registry of Deeds in **Book 8197, Page 259**.

*See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Order Nunc Pro Tunc confirms the mortgage assignment to U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes June 29, 2017, and recorded in the Androscoggin County Registry of Deeds in **Book 9663, Page 208**. *See* Exhibit F (a true and correct copy of the Order Nunc Pro Tunc is attached hereto and incorporated herein).

17. On November 13, 2018, the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

19. The Defendants, Lisa M. Tanguay and Daniel N. Tanguay, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity

with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, is the lawful holder and owner of the Note and Mortgage.

22. HomeGold, Inc. Successor by Merger to HomeSense Financial Corp. is a Defendant, pursuant to a prior mortgage in the amount of $106,400.00 dated June 30, 2000, and recorded in the Androscoggin County Registry of Deeds in **Book 4473, Page 1**. Upon information and belief, this prior mortgage has been paid in full and should have been discharged.

23. Beryle A. Martin is a Party-in-Interest pursuant to a Writ of Execution in the amount of $12,605.04 dated December 15, 2014, and recorded in the Androscoggin County Registry of Deeds in **Book 9056, Page 228** and is in second position behind Plaintiff's Mortgage.

24. Maine Revenue Services is a Party-in-Interest pursuant to a Writ of Notice of State Lien in the amount of $7,375.67 dated December 30, 2014, and recorded in the Androscoggin County Registry of Deeds in **Book 9064, Page 222** and is in third position behind Plaintiff's Mortgage.

25. Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $6,667.52 dated December 27, 2015, and recorded in the Androscoggin County Registry of Deeds in **Book 9286, Page 71** and is in fourth position behind Plaintiff's Mortgage.

26. Lisbon Fuel Company is a Party-in-Interest pursuant to a Writ of Execution in the amount of $466.92 dated January 17, 2017, and recorded in the Androscoggin County Registry of Deeds in **Book 9655**, **Page 172** and is in fifth position behind Plaintiff's Mortgage.

27. The total debt owed under the Note and Mortgage as of April 12, 2019, is Two Hundred Twelve Thousand Six Hundred Five and 89/100 ($212,605.89) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $151,932.49 |
| Interest | $33,225.36 |
| Escrow Advance | $26,873.37 |
| Late Fees | $22.67 |
| Recoverable Balance | $552.00 |
| Grand Total | $212,605.89 |

28. Upon information and belief, the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

29. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. This is an action for foreclosure respecting a real estate related Mortgage and title located at 38 Jeffrey Street, Lewiston, County of Androscoggin, and State of Maine. *See* Exhibit A.

31. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, is the holder of the Note referenced in Paragraph 12 pursuant to

endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, has the right to foreclosure upon the subject property.

32. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, is the current owner and investor of the aforesaid Mortgage and Note.

33. The Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2013, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

34. The total debt owed under the Note and Mortgage as of April 12, 2019, is Two Hundred Twelve Thousand Six Hundred Five and 89/100 ($212,605.89) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $151,932.49 |
| Interest | $33,225.36 |
| Escrow advance | $26,873.37 |
| Late Fees | $22.67 |
| Recoverable Balance | $552.00 |
| Grand Total | $212,605.89 |

35. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

36. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

37. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, on November 13, 2018, evidenced by the Certificate of Mailing.. *See* Exhibit G.

38. The Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are not in the Military as evidenced by the attached Exhibit I1.

## COUNT II – BREACH OF NOTE

39. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. On June 17, 2005, the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, executed and delivered to Home Funds Direct a certain Note in the amount of $137,750.00. *See* Exhibit B.

41. The Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are in default for failure to properly tender the October 1, 2013 payment and all subsequent payments. *See* Exhibit G.

42. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, is the proper holder of the Note and is entitled to enforce the terms and

conditions of the Note due to its breach by the Defendants, Lisa M. Tanguay and Daniel N. Tanguay.

43. The Defendants, Lisa M. Tanguay and Daniel N. Tanguay, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

44. The Defendants Lisa M. Tanguay and Daniel N. Tanguay's breach is knowing, willful, and continuing.

45. The Defendants Lisa M. Tanguay and Daniel N. Tanguay's breach has caused Plaintiff U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

46. The total debt owed under the Note and Mortgage as of April 12, 2019, if no payments are made, is Two Hundred Twelve Thousand Six Hundred Five and 89/100 ($212,605.89) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $151,932.49 |
| Interest | $33,225.36 |
| Escrow Advance | $26,873.37 |
| Late Fees | $22.67 |
| Recoverable Balance | $552.00 |
| Grand Total | $212,605.89 |

47. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

48. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. By executing, under seal, and delivering the Note, the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, entered into a written contract with Home Funds Direct who agreed to loan the amount of $137,750.00 to the Defendants. *See* Exhibit B.

50. As part of this contract and transaction, the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

51. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, is the proper holder of the Note and successor-in-interest to Home Funds Direct, and has performed its obligations under the Note and Mortgage.

52. The Defendants, Lisa M. Tanguay and Daniel N. Tanguay, breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2013 payment and all subsequent payments. *See* Exhibit G.

53. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Lisa M. Tanguay and Daniel N. Tanguay.

54. The Defendants, Lisa M. Tanguay and Daniel N. Tanguay, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

55. The Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are indebted to U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes in the sum of Two Hundred Twelve Thousand Six Hundred Five and 89/100 ($212,605.89) Dollars, for money lent by the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, to the Defendants.

56. Defendants Lisa M. Tanguay and Daniel N. Tanguay's breach is knowing, willful, and continuing.

57. Defendants Lisa M. Tanguay and Daniel N. Tanguay's breach has caused Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

58. The total debt owed under the Note and Mortgage as of April 12, 2019, if no payments are made, is Two Hundred Twelve Thousand Six Hundred Five and 89/100 ($212,605.89) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $151,932.49 |
| Interest | $33,225.36 |
| Escrow Advance | $26,873.37 |
| Late Fees | $22.67 |
| Recoverable Balance | $552.00 |
| Grand Total | $212,605.89 |

59. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

60. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Home Funds Direct, predecessor-in-interest to U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, loaned Defendants, Lisa M. Tanguay and Daniel N. Tanguay, $137,750.00. *See* Exhibit B.

62. The Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are in default for failure to properly tender the October 1, 2013 payment and all subsequent payments. *See* Exhibit G.

63. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, should be required to compensate the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes.

64. As such, the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

65. The Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, repeats and re-alleges paragraphs 1 through 64 as if fully set forth herein.

66. Home Funds Direct, predecessor-in-interest to U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, loaned the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, $137,750.00. *See* Exhibit B.

67. The Defendants, Lisa M. Tanguay and Daniel N. Tanguay, have failed to repay the loan obligation.

68. As a result, the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank National Association, as Trustee, as

successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes as successor-in-interest to Home Funds Direct by having received the aforesaid benefits and money and not repaying said benefits and money.

69. As such, the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, upon the expiration of the period of redemption;

c) Find that the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are in breach of the Note by failing to make payment due as of October 1, 2013, and all subsequent payments;

d) Find that the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are in breach of the Mortgage by failing to make payment due as of October 1, 2013, and all subsequent payments;

e) Find that the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2013 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Lisa M. Tanguay and Daniel N. Tanguay have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, to restitution;

j) Find that the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are liable to the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, for money had and received;

k) Find that the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, is entitled to restitution for this benefit from the Defendants, Lisa M. Tanguay and Daniel N. Tanguay;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Lisa M. Tanguay and Daniel N. Tanguay, and in favor of the Plaintiff, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes, in the amount of Two Hundred Twelve Thousand Six Hundred Five and 89/100 ($212,605.89) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) Find that the mortgage in the amount of $106,400.00 dated June 30, 2000 and recorded in the Androscoggin County Registry of Deeds in **Book 4473, Page 1**, has been paid in full and is hereby discharged;

r) For such other and further relief as this Honorable Court deems just and equitable.

                                              Respectfully Submitted,
                                              U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes,
By its attorneys,

Dated: April 23, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670